Frederick Backer, J.
No personal reflection against the substituted committee was intended nor stated in the court’s *337 decision. At the time of his appointment as substitute committee of the estate of the incompetent (his mother), occasioned by reason of the death of the former committee (his father), the factor of a possible conflict of interests by the son was not adequately presented and was overlooked by the court. The facts were brought to the court’s attention by the report of the special guardian. It revealed that the son was executor of his father’s estate, trustee of a trust thereunder in which the incompetent has an interest and he also is the sole residuary legatee under the will and receives the principal of the trust from the incompetent upon her death. At the same time he seeks to act as substituted committee for the incompetent. In the circumstances the court was persuaded that there was such a conflict of interests in the son’s various roles as disqualified bfm from acting as committee herein and that his previous designation by this court should be revoked and a disinterested person be appointed as such substitute committee.
Accordingly, reargument is granted to the extent only of reducing the amount of the surcharge from $2,460 to $1,810 and in all other respects the original decision is adhered to.
Settle order.